**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRACEY LAPAGLIA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-1576 |
| ) | |
| ) | Magistrate Judge Maureen P. Kelly |
| BOROUGH OF BALDWIN, ) | |
| Defendant. ) | |

## OPINION

**KELLY, Magistrate Judge**

Plaintiff Tracey LaPaglia ("Plaintiff") has filed this employment discrimination action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 952 *et seq.,* alleging that her former employer, Defendant Borough of Baldwin ("Defendant" or "Baldwin Borough"), discriminated against her on the basis of her gender after she sustained an employment related injury. [ECF No. 1].  Baldwin Borough has filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), as to her gender discrimination claims and, alternatively, as to paragraphs 23(c) and 28(d) of the Complaint, which seek the imposition of damages in the form of reinstatement to her former position. [ECF No. 8].

For the following reasons, Defendant's Motion to Dismiss [ECF No. 8] is granted as to Plaintiff's claims for relief set forth in paragraphs 23(c) and 28(d), but is otherwise denied.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that she was employed by Defendant Baldwin Borough as a police officer since January 2003, and served until March 2010, when she sustained a job related injury to her right wrist and arm.  After surgery was performed on her wrist, she was unable to serve as a patrol officer, and was off of work until September 2010.  At that time, Plaintiff alleges Defendant required her to return to work and perform light duty work.  Plaintiff alleges that comparator males were not required to return to work, but were permitted to convalesce at home until they were fully healed and able to perform full time patrol officer duties.  In addition, Plaintiff alleges that upon her forced return, she was placed in a secretarial position, based solely upon her gender. Plaintiff alleges that comparator males were never made to perform secretarial work.

Plaintiff further alleges that unlike her male comparators who were injured in the course of their employment, she was required to undergo repeated independent medical exams to confirm her partial disability.  Plaintiff alleges that after approximately eighteen months, Baldwin Borough required Plaintiff to return to full time patrol duty, regardless of the continuing nature of her injury which made it unsafe for her to perform her job.  Because of this requirement, she was forced to resign, and seek workers' compensation benefits, which were granted through the settlement of certain of her claims against Baldwin Borough.  In entering into the settlement, Plaintiff voluntarily relinquished any right to seek reemployment with Baldwin Borough.  Accordingly, Defendant seeks the dismissal of Plaintiff's claims in paragraphs 23(c) and 28(d) of the Complaint, requesting damages in the form of reinstatement to her former position as a police officer for Baldwin Borough.  Plaintiff concedes that her damages

are limited in this respect and so has joined in the Motion to Dismiss these particular claims. [ECF No. 11, p. 5].

## II.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek the dismissal of a complaint or portion of a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a pleading party's complaint must provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge [his or her] claims across the line from conceivable to plausible.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234–35 (3d Cir. 2008) (quoting Bell Atlantic Co. v. Twombly, 550 U.S. 544, 556, 570(2007)).  The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Co. v. Twombly, 550 U.S. at 555.

In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss." Id. at 678.  Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679.   In Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit  provided a two-part test to determine whether a claim survives a motion to dismiss. "First, the factual and legal elements of a claim

should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  The plaintiff must show 'the allegations of his or her complaints are plausible. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.' [This] 'plausibility' determination will be 'a context – specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679.  Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. Fowler, 578 F.3d at 212; see also Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x. 774, 776 (3d Cir. 2009).   If a court determines that a complaint is vulnerable to 12(b)(6) dismissal, the court must permit a curative amendment, irrespective of whether Plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. Phillips, 515 F.3d at 236.

## III.   DISCUSSION

Baldwin Borough contends that Plaintiff's Title VII claims must be dismissed because Plaintiff fails to allege facts sufficient to establish that she suffered any adverse employment action, given the fact that there are no allegations that her light duty assignment resulted in altered compensation, terms or privileges of employment.  Plaintiff responds that she has alleged several instances of adverse actions, sufficient to state a claim at this stage of the litigation.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] ... sex ...." 42 U.S.C. § 2000e–

2(a).  Title VII claims are analyzed under the familiar burden-shifting framework set forth by the

United States Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 79 (1973); <u>and see</u>

<u>Jones v. School Dist. of Philadelphia,</u> 198 F.3d 403 (3d Cir. 1999).

Under this standard, a plaintiff must first establish a prima facie case of discrimination by

showing: (1) the employee is a member of a protected class; (2) the employee is qualified for the

position; (3) the employee suffered an adverse employment action; and (4) the action was taken

under circumstances that give rise to an inference of unlawful discrimination. <u>Jones</u>, 198 F.3d at

410–11.   An adverse employment action refers to "a significant change in employment status,

such as hiring, firing, failing to promote, reassignment with significantly different

responsibilities, or a decision causing a significant change in benefits." <u>Burlington Indus., Inc. v.</u>

<u>Ellerth</u>, 524 U.S. 742, 761 (1998).

A complaint in an employment discrimination lawsuit need not contain specific facts

establishing a prima facie case of discrimination.  Instead, a plaintiff merely must "put forth

allegations that raise a reasonable expectation that discovery will reveal evidence of the

necessary element." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 213 (3d Cir. 2009) (internal

quotation and citations omitted). Accordingly, Plaintiff's Complaint must be examined to see if

she pleaded "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). <u>See</u>

<u>also</u> <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 176–177 (3d

Cir. 2010) (discussing the Twombly/Iqbal standard). <u>Twombly's</u> "plausibility paradigm ...

applies with equal force to analyzing the adequacy of claims of employment discrimination."

Fowler, 578 F.3d at 211 (citing Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (3d Cir. 2008)).

In the case at issue, Plaintiff alleges, as to the first prong of a prima facie case of discrimination, that she was continuously employed by Baldwin Borough as a police officer for approximately seven years leading up to a job related injury in 2010.  As to the second prong, Plaintiff alleges that after sustaining her injury, she was improperly required to return to work in a secretarial position, which failed to account for the injury to her right wrist and arm, and which had not been required of male police officers who were unable to work as regular duty police officers after sustaining an injury. In addition, Plaintiff alleges that although she had not healed, she was required to undergo repeated independent medical exams to verify that she was impaired and could not return to work as a regular duty police officer, but comparator injured males were not required to prove their continued disability.  Finally, Plaintiff alleges that after eighteen months, she was forced to return to work as a full time patrol officer regardless of continued disability, which resulted in her forced resignation and application for workers' compensation benefits.

An "adverse employment action," has been defined as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).  Plaintiff's characterization of the change in her status, eventually leading to her forced resignation, is sufficient at this stage of the litigation to qualify as an adverse employment action. The Complaint alleges that she was held to standards with regard to her work-related disability that were not applied to those who were male and that, as a result, she was forced to resign from her job.

The Court concludes that Plaintiff has raised sufficient factual assertions to withstand Baldwin Borough's Motion to Dismiss her Title VII claim. Therefore, the Court will deny Defendant's Motion to Dismiss the Title VII claims.

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss [ECF No. 8 ] is granted solely with respect to Plaintiff's claims at 23(c) and 28(d) of the Complaint relative to reinstatement, but the Motion to Dismiss is denied as to Plaintiff's Title VII discrimination claims.

### ORDER

AND NOW, this 16th day of May, 2013, upon review of Defendants Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [ECF No. 8],and the briefs filed in support and opposition thereto, and for the reasons set forth in the accompanying opinion issued this date, IT IS HEREBY ORDERED that the Motion to Dismiss is granted with respect to Plaintiff's reinstatement claims at paragraphs 23(c) and 28(d) of her Complaint, but is denied as to Plaintiff's Title VII discrimination claims.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

BY THE COURT,


/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:     All counsel of record by Notice of Electronic Filing